UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NINA GEBAROWSKI Individually, and on
behalf of all others similarly situated,

                           Plaintiff,                         **INITIAL CONFERENCE AND
CASE MANAGEMENT ORDER**

       - against -

                                                       CV 12-5375 (JFB) (AKT)

E & M ESR, INC., MAGDALENA
PALUCHIEWICZ,

                           Defendants.

-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**        **DISCOVERY PLANNING CONFERENCE**

        A.        **Conference Date:**        January 15, 2013 at 11:00 a.m.

        B.        **Conference Place:**       Courtroom 910
                                                         United States Federal Courthouse
                                                         100 Federal Plaza
                                                         Central Islip, New York.

        C.        <u>Assignment of Magistrate Judge</u>.  The above-captioned case has been referred to me for purposes of scheduling discovery, resolution of discovery disputes, settlement conferences and any other purposes set forth in 28 U.S.C. § 636(b)(1)(A).

        D.        <u>Appearance in person and familiarity with relevant rules required</u>.  Each party who is proceeding without an attorney, and counsel for each represented party, must appear in person for an initial conference at the date and time indicated above.  By the time of the conference, each attorney in the case is expected to be familiar with the Federal Rules of Civil Procedure concerning discovery, *see generally,* Fed. R. Civ. P. 16, 26-37, with the Local Civil Rules of this Court, *see generally*, Loc. Civ. R. 5.2-37.3, and with my individual rules, which can be found at http://www.nyed.uscourts.gov/pub/rules/AKT-MLR.pdf.

**II.**       **PROPOSED DISCOVERY PLAN**

        A.       <u>Meet and Confer</u>.  As soon as practicable, and in any event before the initial conference, the parties must meet and confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or

arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan. *See* Fed. R. Civ. P. 26(f).

  B. <u>Initial Disclosures</u>.  By the time of the discovery planning conference scheduled above, each party must provide initial disclosures pursuant to Rule 26(a)(1) unless this proceeding is exempted from such disclosure pursuant to Rule 26(a)(1)(E).

  C. <u>Deadline for Electronic Filing of Joint Discovery Plan</u>.  No later than two business days before the discovery planning conference, the parties must submit, by means of electronic filing on the court's ECF (Electronic Case Filing) system, a joint proposed discovery plan.

  D. <u>Contents of the Joint Discovery Plan</u>.

   1. <u>General Requirements</u>.  The proposed joint discovery plan should include any agreements the parties have reached regarding discovery, and must separately address each item listed in Rule 26(f)(1)-(4).  In particular, the proposed discovery plan should address each of the following items:

   2. <u>Deadlines and Court Appearances</u>.  A sample case management and scheduling order is attached.  The first page shows the schedule I will normally order in the absence of reasons to conclude that a different schedule is warranted. That sample scheduled reflects my goal in most cases of completing discovery and assuring that the case is ready for trial (without prejudice to any party's right to make a dispositive motion) within six to nine months of the date of the initial conference. However, that is only a general rule; I encourage the parties to determine a schedule that realistically meets the needs of this specific case.  The proposed discovery plan must suggest a date for each deadline listed in the sample order, and may also include additional deadlines (such as separate deadlines for the completion of fact discovery and production of expert reports, if expert witnesses are anticipated) to the extent the parties deem appropriate.  The parties should discuss their discovery needs thoroughly and realistically in advance of the planning conference so that I can "so order" a realistic schedule in conjunction with the assigned District Judge's Rules.  Once I have entered a schedule with the parties' input, **<u>the discovery deadlines will be enforced and amended only for good cause.</u>**

   3. <u>Other Discovery Matters</u>:  The proposed joint discovery plan should address the following, to the extent relevant:

    a. changes to the presumptive maximum number of interrogatories and depositions allowed under the rules (normally 25 interrogatories, including sub-parts, and 10 depositions);

    b. the number and types of expert witnesses each party anticipates;

    c. whether there are any sources of discoverable material that warrant specific planning, such as medical or employment records held by non-parties, or electronic materials that must be preserved or that are difficult to retrieve; and

      d. whether there are subject matter limitations on discovery, or other procedural mechanisms that will help to identify or narrow the issues in dispute without undue delay or expense.

### III. ELECTRONIC FILING AND CONTACT INFORMATION

  All filings (except *pro se* filings) must be submitted electronically pursuant to Administrative Order 2004-08.  The lead attorney for each party must be registered with the Court's ECF system and must file a notice of appearance in this action so that he or she will be personally notified of all filings.  The parties are under a continuing obligation to keep the court apprised of any changes in their contact information, including mailing addresses, e-mail addresses, and daytime telephone numbers.

                    **SO ORDERED.**

Dated: Central Islip, New York
   November 8, 2012

                  /s/ A. Kathleen Tomlinson
                  A. KATHLEEN TOMLINSON
                  U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NINA GEBAROWSKI Individually, and on
behalf of all others similarly situated,

                         Plaintiff,                        **[SAMPLE]**
                                                        **CASE MANAGEMENT AND**
                                                         **SCHEDULING ORDER**

        - against -

                                                         CV 12-5375 (JFB) (AKT)
E & M ESR, INC., MAGDALENA
PALUCHIEWICZ,

                        Defendants.
---------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.     DEADLINES AND COURT APPEARANCES**

| | |
|---|---|
| Deadline for completion of initial disclosures required by Rule 26(a): | [Initial Conference ("IC") Date] |
| First request for production of documents and first request for interrogatories due by: | [IC Date + 35 days] |
| Responses to first request for production of documents and first set of interrogatories due by: | [IC Date + 79 days] |
| Deadline for joinder of additional parties and amendment of pleadings: | [IC Date + 91 days] |
| <u>Status Conference</u>: | [IC Date + 140 days], at [TIME] |
| All discovery, including production of all expert reports, if any, to be completed by: | [IC Date + 238 days] |
| Dispositive motion process started by: | [IC Date + 252 days][1] |

---

[1]    In cases pending before Judge Spatt, add 28 days.

    Joint pretrial order due by:                    [IC Date + 266 days][2]

    <u>Pretrial Conference</u>:                        [IC Date + 273 days], at [TIME]

## II. DISCOVERY IN GENERAL

    a.    **Stays of discovery.**  Discovery is not automatically stayed by the pendency of a dispositive motion, settlement discussions between the parties, a referral to mediation, or an agreement among the parties to suspend discovery.  A party seeking a stay of discovery must seek a court order and must show good cause why such relief should be granted.

    b.    **Written discovery.**  Unless otherwise agreed to by the parties or so ordered by the court, responses to any request for written discovery pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is due no later than 30 days after service of the request.  All such requests must conform to Local Civil Rules 26.3 (uniform definitions in discovery requests), 26.5 (cooperation among counsel in discovery), 26.6 (regarding attorney review of form discovery requests), and 26.7 (discovery requests to be read reasonably).

    c.    **Depositions.**  Pursuant to Local Civil Rule 26.5, counsel are expected to cooperate with each other, consistent with the legitimate interests of their clients, in scheduling depositions.  If counsel cannot agree on a schedule for a given deposition, the deponent must appear at the date, time, and place set forth in a notice properly served pursuant to Federal Rule of Civil Procedure 30 unless excused by the party that served the notice or by the court.

    d.    **Expert discovery.**  Unless specific deadlines for expert discovery are set forth above, the deadline for completing all discovery includes the production of all expert reports, including any rebuttal reports.  The parties must ensure that they have completed underlying fact discovery, and that they have produced initial expert reports, in sufficient time for any rebuttal reports to have been served by the deadline.  Unless otherwise ordered, or unless the parties agree to proceed otherwise, expert depositions may take place at any time before trial.

    e.    **Compliance with deadlines.**  To be timely, a request for written discovery, deposition notice, or subpoena must be served in sufficient time for compliance to occur before the relevant deadline.  I may decide not to enforce an untimely request, notice, or subpoena.

    f.    **Discovery disputes.**

    i.    While parties must attempt in good faith to resolve discovery disputes in good faith before seeking judicial intervention, they must also ensure that any unresolved dispute is brought to my attention in sufficient time for the dispute to be resolved and discovery to be completed according to the deadlines in this schedule.

---

[2]    In cases pending before Judge Spatt or Judge Seybert, add 42 days.

     ii. A motion to resolve a discovery dispute must be litigated pursuant to Local Civil Rules 37.3 and 6.4 and in accordance with my individual rules, which can be found at http://www.nyed.uscourts.gov/pub/rules/AKT-MLR.pdf.  Motions that do not comply with all such requirements may not be accepted.  Failure to submit a timely opposition in compliance with applicable rules may result in a motion being granted as unopposed.

### III. STATUS CONFERENCE

  **Three business days before the scheduled date set forth above, the parties are directed to file a letter** either reporting that discovery is proceeding on schedule and that there are no pending disputes requiring court intervention, or alternatively briefly describing the issues to be discussed at the conference.  If warranted, I will cancel or adjourn the conference.

### IV. DISPOSITIVE MOTIONS DEADLINE

  The deadline for commencing dispositive motions is the date by which the **first** action must be taken to commence such a motion pursuant to the individual practices of the district judge to whom this case is assigned.  As specified in the individual practice rules of the assigned district judge, that action will be either (a) submitting a letter requesting a pre-motion conference, (b) initiating the exchange of statements pursuant to Local Civil Rule 56.1, (c) requesting an oral argument date from the district judge or (d) filing the notice of motion together with supporting papers.  Each judge's individual practice rules can be found at www.nyed.uscourts.gov.

### V. SETTLEMENT TO BE DISCUSSED AT PRETRIAL CONFERENCE

  **No less than two business days before the pretrial conference**, each party must submit by mail or fax (not by ECF) a one-page, *ex parte* statement of its settlement position.  The statement must specify the terms on which the party is willing to settle the case, whether those terms are negotiable, and an explanation of that position.  These statements will be treated as confidential, and will not be docketed, and should therefore include a realistic statement of the party's settlement position.  Meaningful settlement discussions will occur at this conference; clients or other persons with full settlement authority must be present or immediately available by telephone.

### VI. MODIFICATIONS TO THE SCHEDULE

  a. While the parties are encouraged to cooperate with each other in conducting discovery, they should not agree among themselves to any extensions that will render them unable to meet any deadline set forth above.  **The deadlines in this order will be enforced, and will be modified only upon a timely showing of good cause**.  The fact that a party intends to seek summary judgment, standing alone, will not be considered good cause to alter or suspend the deadline for filing a joint pretrial order (if one is required pursuant to the individual rules of the assigned district judge) or to postpone a discussion of settlement at the pretrial conference.

  b. A request for an extension of any deadline submitted less than 30 days before that deadline will be considered untimely and will not be granted absent extraordinary circumstances.

  c. Any request for modification of any deadline in this scheduling order must be in writing, and submitted in accordance with my individual practice rules.

## VII. ELECTRONIC FILING AND CONTACT INFORMATION:

  All filings must be submitted electronically pursuant to Administrative Order 2004-08. The lead attorney for each party must be registered with the Court's ECF system and must file a notice of appearance in this action so that he or she will be personally notified of all filings. The parties are under a continuing obligation to keep the Court apprised of any changes in their contact information, including mailing addresses, e-mail addresses, and daytime telephone numbers.

             **SO ORDERED:**

Dated: Central Islip, New York

               _____
               A. KATHLEEN TOMLINSON
               United States Magistrate Judge